## Case No. 8,914.

### M'NEIL v. HILL.

[Woolw. 96.] [1]

Circuit Court, D. Minnesota. June Term, 1865.

SALES—WAREHOUSE RECEIPTS—INDORSEMENT—ESTOPPEL.

1. Warehouse receipts have, by custom, come to be considered in commercial transactions as representatives of the property mentioned in them.

2. The indorsement or assignment of such instruments are regarded as equivalent to the delivery of the article.

[Cited in Harris v. Bradley, Case No. 6,116; First Nat. Bank v. Bates, 1 Fed. 710; St. Paul Roller-Mill Co. v. Great Western Despatch Co., 27 Fed. 436.]

[Cited in Wichita Sav. Bank v. Atchison, T. & S. F. R. Co., 20 Kan. 523; Hale v. Milwaukee Dock Co., 29 Wis. 499.]

3. The warehouseman is estopped by his statement and promise in the receipt, to deny that he has the articles mentioned therein, in an action by an indorsee or assignee, who has purchased the paper in good faith.

[Cited in Rahilly v. Wilson, Case No. 11,531.]

[Cited in Babcock v. People's Sav. Bank, 118 Ind. 213, 20 N. E. 733.]

The defendants had given a warehouse receipt to Upham & Co. for 800 bushels of wheat. Upham & Co. agreed with the plaintiffs to sell to them a much larger amount of wheat, and, in part execution of this agreement, assigned to the plaintiffs the receipt of the defendants. The plaintiffs presented the receipt to the defendants, and demanded the wheat mentioned therein; and upon refusal to deliver it, they brought this suit to recover their damages. The cause came on to be tried to the court without a jury. The defendants offered to prove that they had never received the wheat from Upham & Co., and had no such wheat as mentioned in the receipt at the time it was given; but that they issued it to those parties, as a security for a loan of $400, or an advance made to them on a purchase of 800 bushels of wheat, to be delivered in future.

MILLER, Circuit Justice. As civilization has advanced, and commerce extended, new and artificial modes of doing business have superseded the exchanges by barter and otherwise, which prevail while society is in its early and simple stages. The invention of the bill of exchange is a familiar illustration of this fact. A more modern, but still not recent invention, of like character, for the transfer, without the somewhat cumbersome, and often impossible, operation of actual delivery of articles of personal property, is the indorsement or assignment of bills of lading and warehouse receipts. Instruments of this kind are sui generis. From long use in trade, they have come to have, among commercial men, a well understood meaning. And the indorsement or assignment of them as absolutely transfers the general property of the goods and chattels therein named, as would a bill of sale. Austen v. Craven, 4 Taunt. 647; White v. Wilks [5 Taunt. 176] 12 East. 614; Conrad v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 386; Gardiner v. Suydam, 7 N. Y. (3 Seld.) 357; Gibson v. Chillicothe Branch of State Bank of Ohio, 11 Ohio St. 311. When a warehouseman issues such a receipt, he puts it in the power of the holder to treat with the public on the faith of it. He enables him to say, and to induce others to believe, that he has certain property, which he can sell or pledge for a loan of money. If the warehouseman gives to the party who holds such a receipt a false credit, he will not be suffered to contradict the statement which he has made in the receipt, so as to injure a party who has been misled by it. That is within the most exact definition of estoppel. If A. gives to B. his note for $100, although he has received no value therefor, and may defend against the note in a suit brought by B., yet if B. sells the note to a third party who does not know of the facts, A. then must pay the note. Just so in the case of a warehouse receipt. If A. issues such a paper to B., for articles which he has never received, a third party treating with B. on the faith of the statement and promise contained in the receipt, will hold A. for the goods or their value. It is of no consequence what the transaction may be between the original parties; whether the receipt, as is claimed here, was intended as a security for a loan, or was entirely false.

The defendant here offers to prove that he never received the property mentioned in the receipt which he has given, but that the paper was issued as a security for a loan, or as an advance on wheat to be delivered. But he has stated in this receipt that he has the wheat in his warehouse, and also promised therein to deliver the wheat to the order of Upham & Co. These plaintiffs, believing this statement to be true, and relying on this promise, bought of Upham & Co. the receipt and property mentioned therein. They were justified in doing this, and the defendants must respond to their promise. The evidence is not admissible.

McNEIL (HURST v.). See Case No. 6,936.

McNEIL (McCORD v.). See Case No. 8,714.

---

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]